## ELISHA RUCKMAN

*v.*

## WILLIAM DECKER and others.

1. Where there was a decree for an account, and that the defendants pay to the complainant the amount found due on such account, and a reference accordingly, and on the coming in of the master's report, which was duly confirmed, reporting a sum due from the defendants to the complainant, an order for an execution to make the money was entered. *Held*, that the decree and order together constituted an adjudication that the amount reported was due from the defendants to the complainant, and that the execution was properly awarded and issued thereon.

2. Where a decree is against three defendants equally bound to pay, and an execution is directed against two of them only, they cannot complain because it is issued against them alone, for, if entitled to indemnity, they may have relief against their co-defendant for any amount they may be obliged to pay.

3. Where a decree reserves further directions and equity until the coming in of the master's report, the cause should be set down for hearing on the equity reserved.

4. Irregularity in entering the decree, *Held*, to have been waived by obtaining a stay of execution.

Motion to vacate decree.

*Mr. Barker Gummere*, for motion.

*Mr. Jacob Weart, contra.*

THE CHANCELLOR.

The defendants move to vacate and set aside the decree entered in this cause on the 12th of April, 1876, confirming the master's report and ordering execution. The grounds of the motion are that the decree in question does not adjudge that there is any sum of money due from the defendants; that it awards execution against only two of the three defendants, while the court intended to decree

payment by all of them; and again, because the decree in question was made *ex parte*, whereas, by the practice of this court, it could not regularly have been made except on hearing, unless made by consent. The decree recites that it appeared from the master's report that there was due from the defendants to the complainant, on the 1st of December, 1874, $34,763.80; that the report had been filed; that notice of the filing thereof had been served on the defendants' solicitor; that a rule *nisi* had been entered and served, and that no exceptions had been filed, and thereupon it decreed that the report stand ratified and confirmed, and that a *fieri facias de bonis et catellis* issue out of this court against Benjamin Decker and William Decker, two of the defendants, to make that money with costs. The terms of the decree imply an adjudication that the amount reported by the master is due to the complainant from the defendants. *Taylor* v. *Jardine*, 1 *Hare* 316.

Besides the decree of February 13th, 1873, by which the reference to the master was ordered, decreed that the defendants account to the complainant for and pay to him one-half of the value of the oysters in the decree mentioned, with lawful interest thereon, and directed the reference to ascertain that value and interest. It would have been better practice to have decreed by the last decree that the defendants pay to the complainant the amount reported to be due to him, but the decrees are sufficient to warrant the order for execution. Nor is it ground for vacating the decree that it orders execution against two of the defendants only. The third defendant, of course, has no reason to make this objection. Nor have the other two. If, as is urged, they have a right to be indemnified in this suit against their co-defendant for the amount they may have to pay, they may obtain such relief in this court, on application. *Walter* v. *Preswick*, 2 *Ves.* 622. The decree, as before stated, decrees that all of the defendants pay the money adjudged to be due to the complainant. The fact that execution has been ordered against two of them only,

will not deprive them of this relief.    But it is objected that
the decree was irregularly entered, because the decree of
February, 1873, reserved further directions and equity
until the coming in of the master's report, and therefore
the cause ought to have been set down for hearing on the
equity reserved.    Such is undoubtedly the practice.    2
*Madd. Ch. Pr.* 457 ; 2 *Dan. Ch. Pr.* 993, 1366.    *Morris* v.
*Taylor*, 8 *C. E. Gr.* 131.    But the irregularity has been
waived.    The defendants, on the 21st of April, 1876, nine
days after the decree in question was entered, obtained an
order for a stay of execution pending an application to set
aside the decree of February, 1873, on the ground that
it was improvidently entered, and, having subsequently
appealed from the last mentioned decree, they, on the 27th
of June, 1876, obtained another stay of execution pending
the appeal.    By this action they waived the irregularity.

The motion is denied, with costs.